**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-43049 |
| | ) | |
| Dough Group, LLC | ) | |
| dba Jimano's Pizza | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**NOTICE OF MOTION**

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **January 11, 2013** at **1:30 p.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, or any judge sitting in his stead, at **North Branch Court (Round Lake Beach)**, or any other courtroom he may occupy at **1792 Nicole Lane, Round Lake Beach, Illinois, 60073** and shall there present **FINAL APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE,** a copy of which is attached hereto and is herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

                                        Ilene F. Goldstein, as Trustee
                                        for Dough Group, LLC dba Jimano's Pizza


                                        By:   /s/ Ilene F. Goldstein
                                                One of Her Attorneys


Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Avenue, Suite 200
Highland Park, IL 60035
(847) 926-9595

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-43049 |
| | ) | |
| Dough Group, LLC | ) | |
| dba Jimano's Pizza | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE**

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period January 29, 2010 to November 27, 2012. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $5,935.30 for 19.40 hours however is voluntarily reducing that request to $4,500.00. IFG Chtd. also requests that the Court order, allow and direct payment to it of $164.96 for reimbursement of expenses incurred in connection with its legal services.

In support of its application, IFG Chtd. respectfully states as follows:

**BACKGROUND**

1. On November 13, 2009, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by the Debtor.

2. Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of Dough Group, LLC dba Jimano's Pizza.

3. Through her administration and liquidation of the Estate, Trustee has recovered over $11,300.00 of which all of the amount is available to the Estate of

which approximately $10,900.00 is currently on deposit. When the case was filed the Debtor listed an asset of Real Property showing equity in excess of $35,000.00. Therefore the Trustee marketed and obtained a contract on the sale of that property as well as personal property restaurant equipment. As the Real Property had been acquired through a Land Sale Contract the public record did not show the forfeiture of the Debtor's interest in the property. This however did not come to light until after the Trustee approved the sale of the property. The personal property was only to be sold as a package with the Real Property so the Trustee had to continue with the resolution of the sale of the Real Property to accomplish the sale of the personal property. This is in large part one of the reasons that Counsel's fees are higher then would be expected in an Estate showing only a $11,000.00 recovery. The anticipated recovery would have been approximately $38,000.00. Other than attorney and accountant fees which are ongoing, there are no accrued unpaid administrative expenses.

## INTRODUCTION

4. Counsel for the Trustee assisted in the negotiation and sale of restaurant equipment and furniture as well as facilitating the sale of related Real Property securing for the Estate over $11,300.00.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On February 19, 2010 this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee retroactively to January 29, 2010.

6. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7. Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein. In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed. However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987). In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A. The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on

which such service was rendered and a description of the nature of the services rendered.  Also attached as part of Exhibit B is a summary of the fees and costs expended in each category of activity.

## ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

9.  IFG Chtd. incurred expenses in the amount of $164.96 in connection with its representation of the Trustee during the period January 29, 2010 to November 27, 2012 for which it now requests reimbursement.  IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries.  An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit A.  IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges. In re Adventist Living Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest.  For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the

Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

## **NATURE OF SERVICES PERFORMED BY IFG CHTD.**

**Objection/Review/Claims/Closing**

10. Counsel for the Trustee analyzed, reconciled and reviewed the Claims Bar Date Notice and the Schedules to make sure all creditors received notice of the Bar Date. Counsel for the Trustee also prepared all the necessary closing documents to close the Estate.

In connection with these services, IFG Chtd. expended 4.00 hours, for which it seeks $1,225.30 in fees and reimbursable expenses of $59.00. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 3.50 hours | $350.00 | $1,225.00 |
| LP | 0.50 hours | $ 00.60 | $    00.30[1] |
| TOTAL | 4.00 hours | | $1,225.30 |
| | | Expenses | $   59.00 |
| TOTAL | | | $1,284.30 |

---

[1] Counsel for the Trustee realizes that this time entry was mistakenly entered at $0.60 an hour as opposed to $60.00 an hour. However since Counsel was voluntarily reducing their fees they did not want to incur the additional expense of redoing the fee application.

**Miscellaneous Matters**

11. Counsel for the Trustee prepared the necessary 505(b) letters for tax determination and maintained and updated the legal file.

In connection with these services, IFG Chtd. expended 0.80 hours, for which it seeks $280.00 in fees and reimbursable expenses of $10.70. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 0.80 hours | $350.00 | $280.00 |
| TOTAL | 0.80 hours | | $280.00 |
| | | Expenses | $ 10.70 |
| TOTAL | | | $290.70 |

**Retention/Compensation of Professionals**

12. Counsel for the Trustee appeared for hearings on Motion on Retention of attorney as well as accountant and prepared the pleadings. Counsel for the Trustee prepared, reviewed and finalized the Trustee's request, the accountant's request and the attorney's request for final compensation.

In connection with the above services, IFG Chtd. expended 6.00 hours, for which it seeks compensation in the amount of $2,032.50 for fees and $6.70 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 2.70 hours | $325.00 | $ 877.50 |
| IFG | 3.30 hours | $350.00 | $1,155.00 |
| TOTAL | 6.00 hours | | $2,032.50 |
| | | Expenses | $    6.70 |
| TOTAL | | | $2,039.20 |

**Assets**

13. Counsel for the Trustee saw that when the case was filed the Debtor listed an asset of Real Property showing equity in excess of $35,000.00. Therefore the Trustee marketed and obtained a contract on the sale of that property as well as personal property restaurant equipment. As the Real Property had been acquired through a Land Sale Contract the public record did not show the forfeiture of the Debtor's interest in the property. This however did not come to light until after the Trustee approved the sale of the property. The personal property was only to be sold as a package with the Real Property so the Trustee had to continue with the resolution of the sale of the Real Property to accomplish the sale of the personal property. This is in large part one of the reasons that Counsel's fees are higher then would be expected in an Estate showing only a $11,000.00 recovery. The anticipated recovery would have been approximately $38,000.00. Counsel for the Trustee also prepared all legal documents to obtain approval of the sale of the real and personal property and closed on the sale

In connection with the above services, IFG Chtd. expended 8.60 hours, for which it seeks compensation in the amount of $2,397.50 for fees and $88.56 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 7.10 hours | $325.00 | $2,307.50 |
| RE | 1.50 hours | $ 60.00 | $   90.00 |
| TOTAL | 8.60 hours | | $2,397.50 |
| | | Expenses | $    88.56 |
| TOTAL | | | $2,486.06 |

**CONCLUSION**

14. The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

15. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

16. IFG Chtd. has not previously submitted a fee application in this case.

17. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

a. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $4,500.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from January 29, 2010 to November 27, 2012.

b. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $164.96 incurred in connection with such services;

c. For such other and further relief as this Court deems appropriate.

    Respectfully submitted by
    Law Offices of Ilene F. Goldstein, Chartered

    By:  /s/Ilene F. Goldstein
         One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Avenue, Suite 200
Highland Park, IL 60035, (847) 926-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 9.80 | $325.00 | $3,185.00 |
| IFG | 7.60 | $350.00 | $2,660.00 |
| RE | 1.50 | $ 60.00 | $    90.00 |
| LP | 0.50 | $ 60.00 | $    30.00 |
| TOTAL | 19.40 |  | $5,935.30 |

## TIME SUMMARY BY CATEGORY

|  | Fees | Costs | Total |
|---|---|---|---|
| Objections/Claims | $1,225.00 | $59.00 | $1,284.30 |
| Miscellaneous | $  280.00 | $10.70 | $  290.70 |
| Retention/Comp. | $2,032.50 | $06.70 | $2,039.20 |
| Assets | $2,397.50 | $88.56 | $2,486.06 |
| **TOTAL** | **$5,935.50*** | **$164.96** | **$6,100.26** |

* Counsel for the Trustee however is voluntarily reducing their request to $4,500.00.